M. Reeves, Dist. Atty., of Vidalia (Hugh Tullis, of Vidalia, and Vernon A. Coco, of Marksville, of counsel), for the State.

PROVOSTY, J. Accused moved to quash the indictment on the ground that the event upon which the charge is founded occurred in another parish; and he has appealed from the judgment overruling this motion.

An appeal will lie only from the final judgment. Marr. Crim. Juris. 887.

Appeal dismissed.

———

(73 South. 770)

No. 22278.

STATE v. RIGDON.

(Jan. 15, 1917.)

*(Syllabus by Editorial Staff.)*

1. INTOXICATING LIQUORS ⬤⟾132—OFFENSES—IMPLIED REPEAL.

Act 8, Extra Session of 1915, denouncing the "keeping of a place where malt or intoxicating liquors are kept for sale, exchange or habitual giving away," is not repealed by Act 14 of 1916, denouncing the "selling or keeping for sale any malt liquors whether intoxicating or not," providing a milder punishment than the earlier act and repealing all laws in conflict; there being no necessary conflict, since the 1915 act applies to one keeping a place for thus dealing in malt liquors, and the 1916 act applies to one doing the same thing without keeping a regular place for it.

[Ed. Note.—For other cases, see Intoxicating Liquors, Cent. Dig. § 141; Dec. Dig. ⬤⟾132.]

Appeal from City Court of Shreveport; David B. Samuel, Judge.

Victoria Rigdon was convicted of keeping a place where intoxicating liquors are kept for sale, and appeals. Affirmed.

Blanchard & McGregor, of Shreveport, for appellant. A. V. Coco, Atty. Gen., and W. A. Mabry, Dist. Atty., and S. I. Foster, Asst. Dist. Atty., both of Shreveport (Vernon A. Coco, of Marksville, of counsel), for the State.

PROVOSTY, J. The accused having been convicted under Act 8, p. 15, Extra Session, of 1915, which denounces the "keeping of a place where malt or intoxicating liquors are kept for sale, exchange or habitual giving away," moved in arrest of judgment on the ground that, in so far as malt liquors are concerned, said act had been repealed by Act 14, p. 45, of 1916, which denounces the "selling or keeping for sale any malt liquors whether intoxicating or not." The question depends upon whether the two laws provide for the same crime. If they do, they conflict, and the earlier is repealed, for the later provides for a milder punishment, and in that respect conflicts with the first, and it repeals all laws in conflict.

We find no necessary conflict. The two may be reconciled by holding that the severer punishment may be imposed upon whoever keeps a place for thus dealing in malt liquors, whereas only the milder punishment may be imposed for the doing of the same thing without keeping a regular place for it. Repeals by implication are not favored. Statutes must be reconciled if possible.

Judgment affirmed.